UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YADIEN BEALTER REYES, et al.,<br><br>Petitioners,<br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:26-cv-00270-TLF<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |

Three petitioners (Yadien Bealter Reyes, Eulis Enrique Nuñez Nuñez, and Pedro Romanely Ponce Baque)[1] filed a petition for habeas corpus under 28 U.S.C. § 2241. Dkt. 1. All three petitioners are currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

Their petition asks the Court to (1) enjoin respondents from transferring petitioners from this District during the pendency of this action; (2) order petitioners' immediate release and further enjoin petitioners' re-detention absent written notice and a hearing prior to re-detention where respondents must prove by clear and convincing evidence that each petitioner is a flight risk, a danger to the community, and that no alternatives to detention would mitigate those risks; (3) order the return of petitioners'

---

[1] On February 10, 2026, the petition of a fourth detainee, Mohammad Hasan Hussaini, is now being considered by the Court in a separate case from this matter based on the parties' stipulated motion. Dkts. 11, 15.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 1

personal property, including identification and employment authorization documents; (4) enter a declaratory judgment stating that re-detention without those procedures violates due process; and (5) award attorney fees and costs.

The Court **GRANTS** the petition **IN PART**, as follows.

## FACTUAL BACKGROUND

### A. Yadien Bealter Reyes (Ms. Bealter)

Ms. Bealter is a citizen of Cuba. Dkt. 3, 13. On or about February 13, 2022, she entered the United States. Dkts. 3, 13. Later that same month, she was released under an Order of Release on Recognizance ("OREC"). Dkts. 3, 13, 14-3. She then moved from Florida to Oregon after she became pregnant. Dkts. 3. On March 2, 2024, she was charged with theft in the first degree in Oregon. Dkts. 3, 13. These charges remain pending. Dkts. 3, 13.

On December 23, 2025, Ms. Bealter was re-detained at an ICE check-in while her eight-month-old son was in the car with his grandmother. Dkts. 3, 13. She states she "could not understand any of what [the officer] said in English, only that I was being re-detained." Dkt. 3. Respondents state they re-detained her "based on her violation of OREC conditions, specifically that she had violated state law." Dkt. 13. Ms. Bealter was ultimately taken to NWIPC where she remains detained. Dkts. 3, 13.

### B. Eulis Enrique Nuñez Nuñez (Mr. Nuñez)

Mr. Nuñez is a citizen of Venezuela. Dkts. 5, 13. On or about November 13, 2023, he entered the United States with his wife and two children. Dkts. 5, 13. On November 14, 2023, he was released under an OREC. Dkts. 5, 13, 14-7. Initially, he moved to Colorado to stay with a friend before then moving to Oregon. Dkt. 5.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 2

On January 4, 2026, Mr. Nuñez was re-detained after he finished his shift at work. Dkts. 5, 13. He states that the officers "did not show me a warrant" and said he was being re-detained "because I entered the country illegally." Dkt. 5. Respondents state they initiated his detention after a "check on Mr. Nunez's license plate with his consent" which "indicated [he was] the registered owner" but was "present in the United States without any lawful immigration status." Dkts. 13, 14-8. Mr. Nuñez was ultimately taken to NWIPC where he remains detained. Dkts. 5, 13.

### C. Pedro Romanely Ponce Baque (Mr. Ponce)

Mr. Ponce is a citizen of Venezuela. Dkts. 6, 13. On or about June 28, 2023, he entered the United States. Dkts. 6, 13. On or around the same date, Texas authorities arrested and charged Mr. Ponce with criminal trespass. Dkt. 6, 13. He pleaded guilty to the charge. Dkt. 6. On July 6, 2023, respondents took custody of Mr. Ponce after he was released from jail. Dkt. 6, 13.

On September 5, 2023, Mr. Ponce was served with and signed an "Interim Notice Authorizing Parole" granting parole for a period of one year. Dkt. 6, 13, 14-11. The following day, respondents released Mr. Ponce under "alternative to detention" ("ATD") conditions. Dkt. 13. In January 2024, Mr. Ponce moved to Washington with his family. Dkt. 6. He states he "missed a scheduled check in with ICE in Chicago" but otherwise "always complied with my check ins with ICE after I got to Washington . . ." Dkt. 6.

On December 12, 2025, Mr. Ponce was re-detained after dropping off his children at school. Dkt. 6, 13. He states the officers "broke two windows even though I was cooperating with everything" and he "did not get notice that I would be detained." Dkt. 6. Respondents state they relied on a database supplied with information by "the

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 3

contractor who runs the ATD program" which "reflect that on or about September 18, 2025, Petitioner was outside the zone permitted in violation of the terms of his ATD." Dkt. 13. Respondents further state his re-detention was based on an "administrative warrant" and that he "refused to comply" and "resisted arrest" but was "successfully restrained." Dkt. 13, 14-12. Mr. Ponce was ultimately taken to NWIPC where he remains detained. Dkts. 6, 13.

## DISCUSSION

As to petitioners' request for an order enjoining their transfer, that request is premature. Under General Order 10-25, and as expressly adopted by the Court's scheduling order (Dkt. 7), respondents "shall provide the Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s)" from this District or remove them from the United States. W.D. Wash. Gen. Ord. 10-25, Ex. 1. As such, the request to enjoin respondents from transferring or removing the petitioners is not ripe.

Respondents also argue relief should be denied because petitioner is mandatorily detained under 8 U.S.C. § 1225. Dkt. 12. Even so, respondents "acknowledge that district courts have recently decided that the revocation of an order of recognizance (OREC) requires a pre-detention hearing to determine if that noncitizen is a flight risk or a danger to the community." Dkt. 12 (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025)).

Regardless, the Court need not consider whether there is a statutory basis, as alleged by respondents, upon which petitioners may be lawfully detained. This is

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 4

because even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in the statue. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B.*, 795 F. Supp. 3d at 1322) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'").[2]

### A. Petitioners' Due Process Claims

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.

Here, petitioners argue their re-detentions violate the Due Process Clause under the factors created by *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See generally* Dkt. 1. To assess petitioners' arguments, the Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24, in weighting the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez*

---

[2] Respondents' brief also references *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), in support of their argument that petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. 12. With respect to the Fifth Circuit Court of Appeals, this split decision is not binding on this Court.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 5

*Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

### B. Mr. Nuñez and Mr. Ponce are Entitled to a Pre-Deprivation Hearing

The first *Mathews* factor weighs in both petitioners' favors. As the Court previously held: Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the "Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). Both Mr. Nunez and Mr. Ponce were released conditionally and remained in the community for years before their re-detention. Dkts. 5, 6, 13.

The second *Mathews* factor also weighs in both petitioners' favors:

For Mr. Nuñez, there is no specific allegation that he did not comply with his release conditions. *See generally* Dkts. 5, 12, 13. Nor is there an allegation he was charged with or convicted of a crime while on release. *Id.* Respondents state he was re-detained "following a records checks indicating" he "was present in the United States without any lawful immigration status." Dkt. 12.

For Mr. Ponce, he states he missed one ICE check-in scheduled in October 2023 but has otherwise complied with check-ins after he arrived in Washington. Dkt. 6.

Respondents additionally state Mr. Ponce "on or about September 18, 2025, . . . was outside the zone permitted in violation of the terms of his ATD." Dkt. 13.

Yet even when a petitioner's re-detention is motivated by alleged violation(s) of release conditions, "it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T.-B.*, 795 F. Supp. 3d at 1322.

Respondent's argument that this alleged ATD violation necessarily precludes a pre-deprivation hearing, Dkt. 12 (citing *Zinermon v. Burch*, 494 U.S. 113 (1990); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025)), has also already been rejected by the Court in *Sarwari v. Wamsley*, No. 2:26-cv-00121-TL, 2026 WL 279968 at *4-*5 (W.D. Wash. Feb. 3, 2026).

Mr. Ponce pled guilty to trespass. Dkt. 6, 13. Even so, Mr. Ponce entered his plea before the date respondents granted conditional release. Dkt. 6, 13, 4-11.

This situation is comparable to the facts in *Lucena-Ojeda v. Noem*, where the "Petitioner's sole criminal law violation occurred prior to receiving his OREC from DHS . . . which DHS was aware of when it issued his OREC -- he had no further arrests or criminal law violations after being released on the OREC." No. 2:26-cv-00085-BAT, 2026 WL 279353 at *2 (W.D. Wash. Feb. 2, 2026). As a result, the Court held the *Mathews* factors weighed in petitioner's favor absent "evidence of any material changes to the facts or circumstances that would indicate a change to the evaluation of Petitioner's flight risk or dangerousness since the issuance of the OREC." *Id*.

The third and final *Mathews* factor also weighs in both petitioners' favors. As the Court previously held, respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963,

1  970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has
2  the power to take steps toward doing so; but its interest in doing so without a hearing is
3  low.'").
4       The Court accordingly finds Mr. Nuñez and Mr. Ponce each have a protected
5  liberty interest in their continuing release from custody and all the *Mathews* factors
6  weigh their favor.
7       The Court also finds a post-deprivation bond hearing is an inadequate procedural
8  safeguard for both petitioners because it would occur only after detention and thus fails
9  to address an erroneous deprivation of liberty at a meaningful time. *E.A. T.-B.*, 795 F.
10 Supp. 3d at 1323-24 (quoting *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL
11 1940179, at *3 (N.D. Cal. July 14, 2025)) ("'Even if Petitioner-Plaintiff received a prompt
12 post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point,
13 he will have already suffered the harm that is the subject of his motion: that is, his
14 potentially erroneous detention.'"); *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d
15 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation
16 hearing is required to satisfy due process, particularly where an individual has been
17 released on bond by an IJ.").
18      The Court accordingly finds both Mr. Nuñez and Mr. Ponce should be
19 immediately released. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324.

**C. Ms. Bealter is Entitled to a Post-Deprivation Hearing**

21      The key difference between the above two petitioners and Ms. Bealter is that she
22 was arrested and charged with a criminal offense after she was initially released by
23 respondents. Dkts. 3, 13, 14-3.

While the U.S. Constitution requires some kind of hearing before the State deprives a person of liberty or property, there still may be situations in which a prompt post-deprivation hearing is appropriate. *See Guillermo M. R.*, 791 F. Supp. 3d at 1035-36.

The Court has held that "where a noncitizen is released after an evaluation of their dangerousness and flight risk, their re-arrest and re-detention generally requires a showing of a material change in circumstance." *Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 445561 at *7 (W.D. Wash. Feb. 17, 2026). There, the Court considered the due process claim of a petitioner who had been charged with a crime following their release, ultimately determining a post-deprivation hearing was warranted. *Id.* at *8-*10; *see also Orozco Valle v. Scott*, No. 2:25-cv-02429-JNW-TLF at 3-4, 7, 9 (W.D. Wash. Jan. 5, 2026).

The first *Mathews* factor weighs in Ms. Bealter's favor, but not as strongly as it would for an individual without any indication of materially changed circumstances as may be relevant to the assessment of dangerousness or flight risk. Similar to the Court's recent decision in *Quinonez Torres*, petitioner does not dispute she was arrested and charged with a criminal offense in March 2024, and that these charges are still pending. *See, Quinonez Torres*, 2026 WL 445561 at *8. Even so, as petitioner's prior release lasted from February 2022 to December 2025, Dkts. 3, 13, she was deprived of an established liberty interest. *See E.A. T.-B.*, 795 F. Supp. 3d at 1320–21; *see also Orozco Valle*, No. 2:25-cv-02429-JNW-TLF at 11-12.

The second *Mathews* factor still weighs in petitioner's favor even if, as discussed above, petitioner's arrest and pending charges for a crime potentially constitute a

change in material circumstances after her initial release. This is because respondents have not rebutted petitioner's argument that at the time of re-detention, she was not provided an opportunity to respond to the allegations that she violated her conditions of release. See Dkts. 12, 13; *E.A. T.-B.*, 795 F. Supp at 1322-23.

The third and final *Mathews* factor also weighs in petitioner's favor. "[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (2022) (quoting *Denmore v. Kim*, 538 U.S. 510, 518 (2003)). While "we 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative'" of the executive and legislature, *id.* (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)), respondents here have not articulated a compelling interest in re-detaining an individual, who was on conditional parole, without any hearing whatsoever. *Orozco Valle*, No. 2:25-cv-02429-JNW-TLF at 15; *see also Ortega*, 415 F. Supp. 3d at 970.

As the above factors weigh in petitioner's favor, the Court holds that, under these circumstances, a prompt post-deprivation hearing would be consistent with due process. As the Court ordered in *Orozco Valle*, this hearing must be held within 10 calendar days of this order's filing date. No. 2:25-cv-02429-JNW-TLF at 9-11.

### D. The Burden of Proof

The Court also holds that respondents shall bear the burden at Ms. Bealter's post-deprivation hearing, as well as any potential future hearing for the other two petitioners, to prove by clear and convincing evidence that the petitioner is a flight risk or a danger to the community. *Singh v. Holder*, 638 F.3d 1196, 1203-08 (9th Cir. 2011),

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 10

*abrogated on other grounds in Rodriguez Diaz,* 53 F.4th at 1196, 1210-1211; *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025).

## CONCLUSION

The Court **GRANTS** petitioners' combined petition for a writ of habeas corpus **IN PART** and **ORDERS**:

1. Respondents shall immediately release Mr. Nuñez and Mr. Ponce from immigration detention within **24 hours** of this order. Respondents shall file a certification, no later than **two Court days** from the date of this order, confirming that both petitioners have been released.

2. Respondents shall provide adequate due process to Ms. Bealter and hold a post-deprivation hearing within **10 calendar days** of the date this order is filed. The hearing shall be conducted by an immigration judge where respondents will bear the burden of proving by clear and convincing evidence that petitioner is a flight risk, or a danger to the community, and that no alternatives to detention would mitigate those risks.

3. The parties are directed to file a joint status report on or before **March 10, 2026**, confirming whether Ms. Bealter received a hearing held before an IJ as ordered above, and report whether she has been released.

4. Upon the release of any of these three petitioners, respondents must return to that petitioner any personal property including personal identification documents and employment authorization documents.

5. Petitioners' request for an order enjoining respondents from transferring or removing them from this district is **DENIED** without prejudice as premature under the requirements of General Order 10-25.

6. The Court will consider a future motion for attorney fees and costs if said motion is filed by **March 24, 2026**, and property noted under Local Rule 7(d)(3).

Dated this 24th day of February, 2026.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART - 12